ESTHER YORN, petitioner-respondent,

*v.*

ARTHUR YORN, defendant-appellant.

[Argued May 27th, 1946.  Decided October 4th, 1946.]

*Mr. Milton M. Unger,* for the petitioner-respondent.

*Messrs. Kristeller & Zucker (Mr. Saul J. Zucker,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

WACHENFELD, J.

This is an appeal in a divorce case from a decree *nisi* entered by the advisory master below and an appeal from an order increasing respondent's alimony from $25 to $35 per week and contesting the direction to pay the item of $127 for professional dental services. The divorce was on the ground of extreme cruelty, and though originally an answer was filed, the defendant abandoned his defense and withdrew his answer.

The parties were married on December 27th, 1942, and lived together until July 12th, 1943, when the petitioner left her husband because of his treatment of her and returned to her mother. The separation continued until October, 1944, when petitioner returned to her husband. They were again separated on March 23d, 1945, petitioner testifying that she left because she was afraid of him.

There was a quarrel between the parties in April, 1943, when the defendant became infuriated and threw a large metal opener about twelve inches long at the petitioner. In July, 1943, he called her names, raised his hands in front of her face and pushed her against the bed and put his hands on her throat. She was very much frightened and became hysterical.

In July, 1943, when the petitioner was pregnant and suffering from hemorrhages, he accused her of not wanting the child and attempting to do away with it. He ignored the petitioner except when he argued with her, and he would point his finger at her and forcibly smear her lipstick over her face.

Following the reconciliation the conduct of the defendant became progressively worse and more violent, and although it was not competent proof of extreme cruelty, being within six months of the filing of the petition, it was admissible as evidence to show a breach of the condition of condonation and as giving character to the earlier acts of cruelty complained of. *Kelly* v. *Kelly, 121 N. J. Eq. 255.*

On New Year's Eve, 1944, the defendant took the petitioner bodily out of bed and flung her to the floor. In January or

February, 1945, he pushed her against the wall with force sufficient to shake the building and threw her to the floor. He twisted her wrists and she was in great fear.

In the same month he struck her across the face, pushed her against the wall and twisted her arm. She was so frightened she called for help from her neighbors. On another occasion he again struck her in the face and knocked her glasses off.

He made constant threats against her, said he would like to kill her, told her to go home and to get out. Finally he kicked her, and while she was bent over looking for a magazine he kicked her again, and she, according to her testimony, became so frightened that she left her home. His conduct was growing worse, his attacks more frequent and vicious.

The character given by this evidence to the preceding events and the petitioner's reactions indicate quite clearly that if it continued her health would be endangered and her life would become one of extreme wretchedness and discomfort.

In extreme cruelty cases each situation must be evaluated separately to determine the acts complained of and their effect upon the parties involved. If it is apparent that the petitioner's life or health would be endangered, or that her physical or mental well-being would be impaired to an injurious degree, it comes within the rule of extreme cruelty. *Bonardi* v. *Bonardi, 113 N. J. Eq. 25; Burke* v. *Burke, 113 N. J. Eq. 77; McArthur* v. *McArthur, 135 N. J. Eq. 215.*

The evidence places the case within this category and the court was justified in granting the decree *nisi.*

As to the question of corroboration, the rule is laid down in *Chamberlain* v. *Chamberlain, 121 N. J. Eq. 234, 236,* in which the court said:

"It will be noticed that the rule of corroboration only requires that belief in the truthfulness of the petitioner's testimony must find support in the testimony of others or in the surrounding established circumstances and not that each act alleged should have direct corroboration."

There is sufficient corroborating evidence of a number of witnesses as to facts and circumstances that bring this case squarely within the *Chamberlain* rule.

The defense in this case was withdrawn and it proceeded as a non-contested case. None of the witnesses was impeached and there was no reason why the court should disregard the testimony presented. *Rains* v. *Rains, 127 N. J. Eq. 238.*

As to the increase in alimony from $25 to $35 per week, it was occasioned by the birth of a child and seems to have been justified.

The item of $127 as provided for in the order dated February 19th, 1946, under the circumstances as developed by the testimony, seems to have been within the prerogative of the advisory master.

The decree *nisi* and the order of February 19th, 1946, will be affirmed.

*For affirmance*—PARKER, BODINE, DONGES, PERSKIE, WACHENFELD, DILL, FREUND, JJ. 7.

*For reversal*—THE CHIEF-JUSTICE, HEHER, OLIPHANT, WELLS, RAFFERTY, McGEEHAN, JJ. 6.